# JANUARY TERM, 1888.*

---

THE BOARD OF SUPERVISORS OF OTTAWA COUNTY v. THE
AUDITOR GENERAL.

*Suit against State—Taxes—Account between State and county—Mandamus.[1]*

1. The State cannot be sued in its own courts without its consent.[2]
   *Ambler v. Auditor General,* 38 Mich. 746.
     So *held,* where a board of supervisors applied for *mandamus* to compel the Auditor General to pay over taxes received on redemptions.

2. The Auditor General cannot open an account with a township, nor its particular funds, but only w.th the county, all funds collected for the several townships being classed in the statute as belonging to the county.

3. *Mandamus* will not lie to compel the payment by the Auditor General of moneys received from redemptions made of township, school, and highway taxes, when, during all of the period covered by such redemptions, the county had been indebted to the State.

Application for *mandamus* to compel the payment of taxes by the Auditor General to a county treasurer. Submitted January 26, 1888. Denied March 2, 1888. The facts are stated in the opinion.

*Walter I. Lillie,* for relator.

*Moses Taggart,* Attorney General (*Butterfield & Keeney,* of counsel), for respondent.

---

* Continued from Vol. 68.
[1] For full digest of points decided, see *Table of Cases Reported.*
[2] See *Board of Supervisors of Sanilac Co, v. Auditor Gen.,* 68 Mich. 659 (head-note 3 f ).

SHERWOOD, C. J.  The petition in this case is for a *mandamus* requiring the Auditor General to pay over to the county treasurer of Ottawa county the taxes assessed for township, school, and highway purposes for the years 1882, 1883, 1884, 1885, and 1886, in the townships of that county, and which have been heretofore collected through his office, and are now retained by him, amounting in all, as claimed by the petitioner, to the sum of $2,693.

The respondent answers, and—

" Admits that the amount paid into the Auditor General's office and due to the several townships of Ottawa county is substantially the sums stated to be due each, respectively, in relator's petition; but he denies that said townships are equitably entitled to the same from respondent, for the reasons hereinafter stated; and, as he is advised and believes, said townships have not, under the laws by which township taxes are collected, exhausted all moneys that could be used for school purposes; and, if the township moneys actually collected in the townships and county have all been used for school purposes, there is not, he submits, any occasion for the suspension of the school in any of said townships."

And he further says,—

" That for several years, to wit, from the year 1868 to the present time, the said county of Ottawa has gradually increased its indebtedness to the State of Michigan, as appears from the books and records in respondent's office, until such indebtedness at the present time, after deducting the several sums claimed by relator in his petition, amounts to the sum of $36,519.05, and that this sum does not include a small amount charged to Ottawa county as loss on tax lands sold under the Laws of 1869, which amount, until recently, was never questioned by relators or said Ottawa county.

" That, as respondent is advised and believes from parties employed in his office for years, various efforts have been made on the part of the Auditor General's office since the said indebtedness began to accumulate, and without avail, to secure a settlement, and respondent states that he is desirous and willing, and has been at all times, to settle and adjust all matters between his office and Ottawa county upon a basis legal and equitable as between all parties, to the end that he

may secure to the State the amount which shall be justly due the State from said county.    *    *    *    *    *    *

"That the proportion of said debt due from these several townships, they each levying and collecting their ratable part as compared to the amount due from the entire county, would be, as respondent is advised and believes, and as appears from the books in his office, which showing is contained therein, largely in excess of the amount due said townships upon the claims set forth in relator's petition.

"And this respondent shows that no complaint has been made, as he is advised and believes, except as to losses upon sale of tax lands under the Laws of 1869, and, for the purposes of this answer, that has been left out of consideration."

The Auditor General further submits, in his answer,—

"That inasmuch as the State deals directly with the county officials and the board of supervisors, the relators herein, and the said relators are themselves in fault in not apportioning, levying, and collecting taxes due the State of Michigan, or in paying the same over, from year to year, until the large indebtedness aforesaid has been allowed to accumulate and remain unliquidated, that said relators, in behalf of said townships, are not entitled to any order requiring a warrant for the moneys collected by the State which were originally assessed for township purposes."

The moneys claimed by the relator are those derived from redemptions made of township, school, and highway taxes for the several years named. No other claim is made.

The State, through its Auditor General, has all of its financial dealings with the counties. Such has always been its practice with Ottawa county; and the answer of respondent shows that it has yearly notified the county of Ottawa of the state of the account kept with it, and from which it appears that, during the entire period claimed for by the relator, the county has been largely indebted to the State, and that the Auditor General has, during each year of the indebtedness, urged that the county should cause the necessary amount to be raised by tax upon the several townships of the county to liquidate such indebtedness.

We think the State had the right to withhold the amount due to the county so long as the county is shown to have been indebted to the State. This is but just between the county and the State. All funds collected by the State officers for the several townships of any county, whether " for county, township, school, or highway purposes," are classed in the statute with " *all other moneys in the State treasury belonging to such county*," and are to be transmitted as one sum to the county treasurer. The Auditor General cannot open accounts with a township, nor with the particular funds of a township; but only with the county, as was done in this case. Act No. 153, Laws of 1885, §§ 77-79; Laws of 1882, p. 30, § 71.

We think the return made by the Auditor General, as it stands, is a full and complete answer why the writ should be denied. It shows that the equitable claim is against the relator, and not against the respondent.

But there is another view to be taken of this case, which is fatal to the petitioner. The issue as made up is, in effect, a suit by the county against the State. The State cannot be sued in its own courts without its consent. The case of *Ambler v. Auditor Gen.*, 38 Mich. 746, is clearly in point, and decisive of the questions raised in the present case.

The writ must be denied, but without costs.

The other Justices concurred.