THE PEOPLE, EX REL. JOHN BLOMQUIST, v. PETER J. NAPPA ET AL.

*Officers—Quo warranto—Religious societies—Election.*

1. In the case of an intrusion upon an office, the Court has discretion to proceed to judgment or not, according as the public interests do or do not require it, and will not do so where no good end will be subserved by such judgment; citing *Vrooman v. Michie,* 69 Mich. 44.

2. It would be quite unseemly, as well as detrimental to the best interests and harmony of religious societies, if courts should interfere with their internal affairs when no property rights are

involved, simply because the regularity of their proceedings may be open to question by some disaffected party.

So *held*, where a meeting of a religious society for the election of trustees was adjourned by the chairman on his own motion and without right. The meeting dispersed, but several members announced that at two o'clock of the same day it would re-assemble and proceed to the election, and a portion of the members did meet pursuant to such notice, and trustees were elected, who qualified and entered upon the discharge of their duties, and are sought to be ousted on the relation of one who is not shown to have any interest in the action complained of.

Error to Houghton. (Williams, J.) Argued April 23, 1890. Decided May 2, 1890.

Information in the nature of a *quo warranto* to test the title of respondents to the office of trustees of a religious society. Relator brings error. Information quashed. The facts are stated in the opinion.

*Allen F. Rees, T. L. Chadbourne,* and *A. T. Streeter,* for appellant.

*Stone & Gray* and *J. B. Humphrey,* for respondents.

CHAMPLIN, C. J. This is an information in the nature of a *quo warranto* to test the title of respondents to the office of trustees of a religious society, organized under chapter 108 of the Compiled Laws of 1871, being sections 4617–4642, inclusive, of How. Stat.

The bill of exceptions contains a statement of facts, which are conceded to be correct, as follows:

"That notice of the annual election of the society for trustees was duly given for Sunday, December 23, 1888, in the church, no hour being named.

"That on that day, at the close of the morning service of the society, and before the congregation had dispersed, the election for trustees was announced by the chairman of the trustees, the officer charged with the duty of presiding thereat,

pursuant to the usage and custom of the society, in the presence and hearing of the congregation then and there present, which included a large portion of the legal voters of the society.

"That all previous elections of trustees of the society from its organization, which was in January, 1873, had been held pursuant to the same kind of notice given in this case, and in the church, at the close of the morning religious service thereof, and before the congregation had dispersed, on the Sunday nearest Christmas in each year.

"That after said officer had announced in the customary manner that the election would then proceed, some noise and confusion arose among those present, owing to certain statements of the chairman relative to the qualifications of voters at the election; and it was a disputed question whether such noise and confusion were so great as to make it impossible to then hold an election, there being testimony both ways upon this question.

"That said officer presiding over the meeting, after some time, then and there announced, without any motion or vote on the subject, that the election was postponed or adjourned, without naming any adjourned day or time; and that thereupon those present all dispersed and left the church.

"That after said announcement by said officer, and after some, but before any considerable number, of those present had left the church, several of those present, but not said officer, but a trustee among others, announced —which announcement was heard by many persons, and might have been heard by all—that the election would go on, or be held in the afternoon, or at 2 o'clock in the afternoon, but no motion to this effect was made, and no vote taken on the subject.

"That at or about 2 o'clock in the afternoon a number, but not all, those present at the above-detailed proceedings, assembled in the church, and the chairman, the officer aforesaid, who was not then present, was sent for; that, some time between 2 and 3 o'clock in the afternoon, that officer appeared in the church, and, on being requested by those present to go on with the election, refused to do so, again stating that the election was postponed, and went away.

"That said society had no meeting for worship in the afternoon; that some time between said hours of 2 and 4 o'clock P. M., those remaining and then present in the

church elected a chairman of the meeting, appointed inspectors, and held an election for trustees, and the respondents were voted for as trustees, and declared elected by authority of the meeting. A portion of those voting for them for that office were legal voters of the church, and there were no votes against them.

" That a considerable number of the legal voters of the society present in the forenoon at the proceedings then had, above described, were not present in the afternoon at the proceedings then had and above described, and some who were present in the afternoon took no part in the proceedings; that the respondents hold, or claim to hold, their offices as trustees by virtue of the above proceedings; that the term of the trustees who were to be elected on said day began January 21, 1889, and ran for three years therefrom.

" The counsel for the said plaintiff thereupon requested the said court in writing to direct the said jury to find a verdict for the plaintiff, which direction the said court then and there refused to give; to which refusal of the court the counsel for the plaintiff then and there duly excepted.

" And the said circuit judge did then and there direct and instruct the said jury to find a verdict in favor of the respondents; to which direction and instruction the counsel for the said plaintiff did then and there duly except."

This is a proceeding in which the public are not interested. The information should show upon its face that the relator is in some way interested in the action complained of, either as a corporator or member of the society; but there is nothing in the information or replication to show by what right John Blomquist sets the inquiry on foot as to the right of the respondents to hold and exercise the office of trustees. As the point is not noticed in the briefs of counsel, and as we have reached a conclusion adverse to the people, we shall not place our decision upon that ground.

While it is true that the chairman of the board of trustees had no right to adjourn the meeting for the

election of officers of his own motion, it is equally true that the meeting did disperse. Several members announced that at 2 o'clock of the same day the meeting would assemble and proceed to the election. The members, but not all, did assemble at 2 o'clock. A meeting was organized, and an election for trustees held, and the respondents elected. They have qualified, and are discharging the duties of their offices.

It cannot be said that the proceedings were regular. But the fact that the chairman of the regular meeting assumed and exercised an authority which he did not rightfully possess could not deprive the members of the society from their legal right to choose their trustees. Neither could the fact that the proper presiding officer refused to take part in the meeting held in the afternoon prevent the members from choosing trustees. The members so assembled on the afternoon of the day appointed in the notice did elect respondents trustees, and no other election was held, and the trustees so chosen, although it may be irregularly, are entitled to hold their office of trustees until others, at least, who have a better title to the office, are chosen. *Roeser v. Gartland,* 75 Mich. 143.

It would be quite unseemly, as well as detrimental to the best interests and harmony of religious societies, if courts should interfere with their internal affairs when no property rights are involved, simply because the regularity of their proceedings may be open to question by some disaffected party. In the case of an intrusion upon an office, the Court has discretion to proceed to judgment or not, according as the public interests do or do not require it, and will not do so where no good end will be subserved by it. *Vrooman v. Michie,* 69 Mich. 44.

We think this is a case for the exercise of our discre-

tion, and we shall quash the information, with costs against the relator.

The other Justices concurred.