OSTERHOUS, *ex rel.* VANDER VEEN, *v.* VAN DUREN.

1. QUO WARRANTO—PUBLIC OFFICERS—JUSTICES OF THE PEACE—
   TIME TO INSTITUTE PROCEEDINGS.
   Proceedings in the nature of quo warranto to test title to pub-
   lic office should be commenced before the term has expired
   or is near the time of expiration, although if commenced
   seasonably the action may be prosecuted to final judgment
   after the term has expired, for the recovery of damages or
   costs claimed by relator.

2. SAME.
   Since the court will exercise its discretion to proceed to final
   judgment after the term of office, only in case public inter-
   ests require it, a demurrer to an information in the nature of
   quo warranto was rightly sustained where respondent's term
   of office as justice of the peace expired July 4, 1911, and the
   proceeding was not instituted until June 22, 1911.

Error to Ottawa; Padgham, J. Submitted January
12, 1912. (Docket No. 56.) Decided February 10, 1912.

Information in the nature of quo warranto by Louis
H. Osterhous, prosecuting attorney of Ottawa county, on
the relation of Engbertus Vander Veen, against Arthur
Van Duren to test the title of respondent to the office of
justice of the peace. An order sustaining a demurrer to
the information is reviewed by relator on writ of error.
Affirmed.

*M. A. Sooy* (*Lillie & Osterhous*, of counsel), for
appellant.

*Diekema, Kollen & Ten Cate*, for appellee.

STONE, J. This was a proceeding by information in
the nature of a quo warranto to inquire by what right the
respondent held the office of justice of the peace. The

information was filed and summons issued on June 2, 1911.

The information alleges:

*First.* That Arthur Van Duren, of the city of Holland, for the space of 25 months last past, had held, used, and exercised, and still did hold, use, and exercise, the office of justice of the peace without any legal election, appointment, warrant, or authority whatsoever therefor.

*Second.* That at the election of 1907 said Arthur Van Duren was duly elected to said office of justice of the peace, which office he duly accepted, and duly qualified and exercised the functions thereof.

*Third.* That on the first Monday in May, 1909, said respondent was elected by the common council of the city of Holland to the office of city attorney, which office he accepted, and that on May 1, 1910, he was again duly elected to said office, and again qualified, and exercised the functions of said office until the first Monday of May, 1911.

*Fourth.* That said Arthur Van Duren again assumed the functions of said office of justice of the peace, and that since the first Monday of May, 1911, he had usurped, intruded into, and unlawfully held and exercised the functions of said office of justice of the peace. Respondent's term of office as justice of the peace expired on July 4, 1911.

To this information, on June 22, 1911, the respondent demurred upon the following grounds:

(1) That relator had been guilty of such laches and such unreasonable delay in filing an information as to be barred from the relief he seeks.

(2) Because the relator has waited with the filing of his information until a time when the right of respondent to hold the position of justice of the peace in the city of Holland has so nearly expired that the inquiry would be of no effect, the term of office of said respondent as such justice expiring on July 4, 1911.

(3) That no substantial benefit would inure to relator by the granting of the petition, and the term having expired, or nearly so, the information is filed simply to try the abstract title to the office.

(4) Because it appears from the said information that

respondent was duly and legally elected as a justice of the peace in 1907, and no legal act is shown whereby he has forfeited his right to said office.

(5) Because the office of city attorney of the city of Holland is not incompatible with the holding of the office of justice of the peace, nor does the information allege that the office of justice of the peace was vacated by reason of accepting the said office of city attorney.

The case was heard before the circuit court in August, 1911, after the term of office of said respondent as justice of the peace had expired, and the demurrer was sustained, and the information was dismissed. The relator has brought the case here by writ of error.

It will be noticed that the information does not aver that the relator or any other person was claiming the office of justice of the peace, but the proceeding purports to have been instituted in the public interest for the sole purpose of ousting respondent.

Ordinarily proceedings to try title to a public office cannot be brought after the term has expired, or when it is so nearly expired that the inquiry would be of no effect; but an action commenced during the term of office may be prosecuted to final judgment after the expiration of the term, for the recovery of damages or costs which relator has sustained or incurred by the wrongful assumption of authority. 32 Cyc. p. 1432, and cases cited, including *People* v. *Hartwell*, 12 Mich. 508 (86 Am. Dec. 70). But nothing of that nature is claimed here.

Where no substantial benefit would inure to the relator, the proceeding will not as a general rule be continued after the term has expired merely to try the abstract title to the office. *State* v. *Porter*, 58 Iowa, 19 (11 N. W. 715). In the cited case, when it came on for hearing in the district court, it was suggested to the court that the term of office in dispute had expired. The court thereupon dismissed the case. The supreme court held that, the term of office having expired, no relief should be granted, and said:

" Courts are not organized for the purpose of determining mere abstractions. The court ought not to be required to spend its time in the accumulation of a bill of costs, for no other purpose than that of determining which party should pay them. As no vital question remained for determination, the further prosecution of the case would have been vexatious and unjust."

This court has held that in the case of an intrusion upon an office the court has discretion to proceed to judgment or not according as the public interests do, or do not, require it, and will not do so where no good end will be subserved by it. *People* v. *Nappa*, 80 Mich. 484–488 (45 N. W. 355); *Vrooman* v. *Michie*, 69 Mich. 42 (36 N. W. 749).

We think that this is a case for the application of the above-stated rule, and the judgment of the circuit court is affirmed, with costs against the relator, Vander Veen.

MOORE, C. J., and STEERE, McALVAY, BROOKE, BLAIR, and OSTRANDER. JJ., concurred. BIRD, J., did not sit.