SUMERACKI v. STACK.

1. Mandamus—Remedy.

Mandamus is an extraordinary remedy and will not issue in substitution of other available legal remedies, nor unless there is a clear right thereto.

2. Counties—State—Statutes—Adjustment of Accounts.

Right of several counties to demand and receive from State money in State treasury belonging to them, the duty of the State treasurer to pay it over and duty of county treasurer to pay over to State treasurer money in his hands belonging to State and right of State treasurer to demand and receive same are coordinate and interdependent under statute providing for adjustment of accounts between State and counties and basis upon which such adjustment shall be made (1 Comp. Laws 1929, §§ 3445, 3480, 3594, 4651, Act No. 87, Pub. Acts 1931, Acts Nos. 34, 41, §§ 19, 19b, Pub. Acts 1932 [1st Ex. Sess.], Acts Nos. 81, 134, 165, 200, Pub. Acts 1933).

3. Mandamus—Gasoline and Motor Vehicle Weight Taxes—State Taxes.

Writ of mandamus will not be granted to county to compel State to pay over gasoline and motor vehicle weight tax moneys belonging to county when county has already collected, appropriated and expended State money in excess of amount owing by State to county (1 Comp. Laws 1929, §§ 3445, 3480, 3594, 4651, Act No. 87, Pub. Acts 1931, Acts Nos. 34, 41, §§ 19, 19b, Pub. Acts 1932 [1st Ex. Sess.], Acts Nos. 81, 134, 165, 200, Pub. Acts 1933).

Mandamus by Jacob P. Sumeracki, Wayne county treasurer, John S. Haggerty, Edward N. Hines and Michael J. O'Brien, comprising Wayne board of county road commissioners, to compel John K. Stack, Jr., auditor general, Theodore I. Fry, State treasurer, and State administrative board to pay over gasoline and motor vehicle weight tax moneys

allocated to Wayne county. Submitted September 18, 1934. (Calendar No. 37,965.) Writ denied October 23, 1934.

*Harry S. Toy,* Prosecuting Attorney, and *Oscar A. Kaufman,* County Corporation Counsel, for plaintiff Sumeracki.

*Elmer G. Rice* and *John C. Jacoby,* for plaintiff road commissioners.

*Patrick H. O'Brien,* Attorney General, and *Arthur E. Kidder* and *William L. Brunner,* Assistants Attorney General, for defendants.

POTTER, J. The county treasurer of Wayne county and the board of county road commissioners of Wayne county, file a petition asking for mandamus against the auditor general, the State treasurer and the State administrative board of the State of Michigan, to compel the auditor general to draw his warrant for, and the State treasurer to pay, to the county treasurer of Wayne county, $5,104,971.05, claimed by petitioners and conceded by the State to be due Wayne county from the motor vehicle weight taxes and gasoline taxes imposed and collected by the State and legally allocated to Wayne county. In defense respondents insist the county treasurer of Wayne county has collected, had in his hands and unlawfully appropriated, sums of money belonging to the State of Michigan in excess of any sum of money alleged by plaintiffs' petition to be due to the county of Wayne from the State. The case is here on pleadings. The facts are not in serious dispute. It is practically conceded the State owes to Wayne county $5,104,971.05 for motor vehicle weight taxes and gasoline taxes collected now in the hands of the State treasurer and properly belonging to Wayne

county, and that Wayne county owes the State $6,503,481.46 for taxes collected by the county of Wayne belonging to the State of Michigan, but appropriated by the county of Wayne to its own use and benefit, and not paid over by it to the State treasurer as required by law. The question is whether the State should be compelled, under the circumstances, to pay over to Wayne county the $5,104,971.05 above mentioned; and whether this court should issue or refuse to issue its writ of mandamus.

Mandamus is an extraordinary remedy and will not issue in substitution of other available legal remedies, nor unless there is a clear legal right thereto. Originally it was a prerogative writ issuing in the discretion of the sovereignty and is now a judicial writ of extraordinary character which will be granted, in the sound judgment and discretion of the court, in cases where the parties may be entitled thereto.

Section 34 of Act No. 302, Pub. Acts 1915, being 1 Comp. Laws 1929, § 4651, as subsequently amended by Act No. 34, Pub. Acts 1932 (1st Ex. Sess.), and Act No. 165, Pub. Acts 1933, provides how the moneys received and collected by the secretary of State under the provisions of the several acts shall be deposited in the State treasury to the credit of the State highway fund. It provides $6,000,000 of the amount collected annually as taxes upon the registered motor vehicles shall belong to the several counties of the State, and provides how such money shall be paid by the auditor general issuing his warrant on the State treasurer for such amounts as are due the counties, and makes further appropriations to carry out the specific provisions for the distribution of the moneys involved.

Act No. 150, § 19, Pub. Acts 1927, being 1 Comp. Laws 1929, § 3594, as amended by Act No. 41, §§ 19, 19b, Pub. Acts 1932 (1st Ex. Sess.), and by Act No. 81, § 19, Pub. Acts 1933, provides the moneys received and collected by the secretary of State, except the license fees mentioned therein, shall be deposited in the State treasury to the credit of the State highway fund. It provides the State highway commissioner shall draw his vouchers for the sums due the several counties, and the auditor general shall, upon presentation of such vouchers, draw his warrants on the State treasurer in favor of the several county treasurers for such amounts as are due the counties under the act, and it is under the terms and provisions of these sections of the statute plaintiffs seek mandamus.

The statutes provide for the payment by tax collecting officers of all State and county taxes to the county treasurer, 1 Comp. Laws 1929, § 3445, and prescribes the duty of such local tax collecting officers in case they are unable to collect taxes. Act No. 87, Pub. Acts 1931. Act No. 200, Pub. Acts 1933, provides for the collection and payment of delinquent taxes.

It is made the duty of the State by statute, to turn over to the county treasurer of the several counties the money collected by the State from the State taxes in question to which such counties are entitled; and by 1 Comp. Laws 1929, § 3480, as amended by Act No. 134, Pub. Acts 1933, it is provided the accounts between the State and county shall be adjusted on the basis of crediting and paying to each the taxes collected by and for each with the interest thereon. It is made the duty of the auditor general to make a quarterly statement of accounts between the State and each county, render the same to the

county treasurer of each county and draw his warrant on the State treasurer payable to such county treasurer for all moneys in the State treasury collected for the county, township, school, highway or any other purposes for such county, township or district thereof, and transmit such warrant to the county treasurer and give notice to the county clerk thereof. It is made the duty of the county treasurer at the same time to pay to the State all moneys collected and due from their respective counties to the State as shown by such account so rendered by the auditor general to be due the State.

The State, through its auditor general, deals with the county treasurer of the several counties. The right of the several counties to demand and receive from the State money in the State treasury belonging to them and the duty of the State treasurer to pay it over, and the duty of the county treasurers to pay over to the State treasurer the money in their hands belonging to the State, and the right of the State treasurer to demand and receive the same, are coordinate and interdependent. They are made so by statute which provides for the adjustment of the accounts between the State and the several counties and the basis upon which such adjustment shall be made.

Wayne county, having collected and converted to its own use and benefit $6,503,841.46 belonging to the State, that being an amount of money in excess of the amount owing by the State to the county of Wayne, ought not to be permitted to compel the State to pay over the $5,104,971.05 in the State treasury derived from motor vehicle weight taxes and gasoline taxes collected when the county has already collected, appropriated and expended State money in excess of the amount owing by the State to the county.

It is true as pointed out in *Aplin, Auditor General,* v. *Van Tassel, Treasurer of Tuscola County,* 73 Mich. 28, the statute makes it the duty of the county treasurer to pay over to the State the State taxes that he receives; for quarterly settlements; that no authority is conferred upon the court to audit and settle conflicting claims between the several counties and the State; that the county treasurer in making the collection of State taxes, acts for the State and for no other body, and the supervisors have no more legal control over the money in the county treasurer's hands belonging to the State than if such money were in the hands of the State treasurer; that State revenues ought not to be tampered with in the process of realization by boards of supervisors; that the State may become bankrupt if the several counties are permitted to retain on one excuse or another moneys collected for and belonging to the State.

"If the State owes them, and they legally establish the debt, it must, under the statute, be drawn from money in the treasury, and not from money that never reached the treasury. If the State business can be done outside of the State business departments, and without going through the hands of the State's custodian of moneys, there could be no safety or reliance in the means devised for keeping all public affairs within constant knowledge and supervision in the State books and records."

In *Supervisors of Ottawa County* v. *Auditor General,* 69 Mich. 1, the board of supervisors of Ottawa county asked mandamus requiring the auditor general to pay over to the county treasurer of Ottawa county taxes collected by the State treasurer belonging to the county treasurer and the several townships in Ottawa county, amounting in all to $2,693. Defendant denied the county treasurer was

entitled to receive that money from the State. He claimed the county of Ottawa was indebted to the State in the sum of $36,519.05; that the auditor general's office, since such indebtedness had begun to accumulate, had tried, without avail, to secure a settlement; averred the auditor general was willing to settle with Ottawa county upon a legal and equitable basis and submitted the relators, in behalf of the townships, were not entitled to any order requiring a warrant for the moneys collected by the State originally assessed for township purposes. The moneys claimed by relator were those derived from redemptions made of township, school and highway taxes. The court held the State, through its auditor general, had all its financial dealings with the county treasurers. Such had been its practice with relator. The county was largely indebted to the State. It said:

"We think the State had the right to withhold the amount due to the county so long as the county is shown to have been indebted to the State. This is but just between the county and the State. All funds collected by the State officers for the several townships of any county, whether 'for county, township, school, or highway purposes,' are classed in the statute with 'all other moneys in the State treasury belonging to such county,' and are to be transmitted as one sum to the county treasurer. The auditor general cannot open accounts with a township, nor with the particular funds of a township; but only with the county, as was done in this case. Act No. 153, Pub. Acts 1885, §§ 77–79; Act No. 9, Pub. Acts 1882, § 71.

"We think the return made by the auditor general, as it stands, is a full and complete answer why the writ should be denied. It shows that the equitable claim is against the relator, and not against the respondent.

"But there is another view to be taken of this case, which is fatal to the petitioner. The issue as made up is, in effect, a suit by the county against the State. The State cannot be sued in its own courts without its consent. The case of *People, ex rel. Ambler, Treasurer of Gratiot County,* v. *Auditor General,* 38 Mich. 746, is clearly in point, and decisive of the questions raised in the present case."

In *People, ex rel. Ambler, Treasurer of Gratiot County,* v. *Auditor General,* 38 Mich. 746, relator applied for mandamus to compel the auditor general to pay over to Gratiot county moneys claimed to have been unlawfully charged to the county and deducted from the amount paid over on annual settlements. These moneys grew out of tax payment adjustments. The court said:

"Where money has gone into the State treasury, not as a separate and independent item wrongfully received, but as part of a general balance rightfully received, the recovery of it from the State, if not voluntarily allowed within the authority of some proper officer, must fall within the same rules that would apply to any other pecuniary demands against the State. If this money had been found in a city or county treasury among the book balances or other charges or credits, or if it had been retained by an individual upon an error in stating accounts, it could not be distinguished from other causes of action usually prosecuted in a suit for money had and received. It is simply so much money kept back out of the collections made by the State for the benefit of the county. If the State could be sued, it would certainly not be a proper case for mandamus. The fact that actions will not lie against the State does not change the nature of the claim, or make it anything but a State debt. * * * But no State can be sued without its own consent, in its own courts, and a suit cannot be maintained against any body,

which is really and intrinsically an action against the State.''

The writ of mandamus will be denied, but without costs, public questions being involved.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.