CAROLINE H. HAINES, RELATOR, v. HELEN G. APPLETON, DEFENDANT.

Submitted October 13, 1939—Decided December 21, 1939.

Before Brogan, Chief Justice, and Justices Donges and Porter.

For the relator, *Louis B. LeDuc.*

For the respondent, *Powell & Parker.*

The opinion of the court was delivered by

PORTER, J. This case is before us on a writ of *quo warranto.* A plea was filed to the information which was demurred to.

The information alleges that the chairman of the State Republican Committee on February 23d, 1938, nominated Nellie W. Russell for member of the Burlington County Board of Elections for a two-year term commencing March 1st, 1938; that she was qualified for the appointment; that on February 23d, 1938, the said state chairman personally delivered to the governor said nomination in writing; that the governor failed or refused to commission the said nominee; and that on March 5th, 1938, the said state chairman served a demand upon the governor that he issue a commission to said nominee. The plea alleges that respondent was duly appointed and commissioned by the governor to the said office for said term; that she is qualified; has not usurped the office; that the court should not interfere because a new appointment cannot be made until March 1st, 1940; and that relator is in laches.

The effect of the pleadings is to admit the truth of the facts pleaded by both parties leaving for consideration the question of law as to the right of the respondent to the office.

The statute, *R. S.* 19:6-17 and 18, provides that members of county boards of election shall be commissioned by the governor upon nomination by the chairman of the two dominant political parties. Under the facts in the case at bar the nomination of said Nellie W. Russell was made by the chairman of the State Republican Committee in accordance with the statute. Since the appointment by the governor of the respondent this statute has been declared constitutional and appointees of the governor not nominated by the state chairman as provided by the statute were ousted from office. *Driscoll* v. *Sakin,* 121 *N. J. L.* 225; *affirmed,* 122 *Id.* 414;

494

*DePasquale* v. *Steineder*, 121 *Id.* 281. It follows that the appointment of respondent not having been made in accordance with the statute was invalid. We find no merit in the argument that the respondent should not be ousted because the vacancy could not be filled until March 1st, next. On the contrary, the statute, *R. S.* 19:6-19, expressly provides for the method of filling any such vacancy.

The remaining point argued by respondent is that of laches. This is not a good defense where the act questioned is an *ultra vires* act by a governmental officer and where, as here, no hardship or loss is inflicted on the defendant. *Bogert* v. *Elizabeth*, 27 *N. J. Eq.* 568 (at *p.* 572); *Delaware River Bridge* v. *Haddon Township*, 5 *N. J. Mis. R.* 210; *West Shore Railroad Co.* v. *Begota*, 7 *Id.* 972. The delay in bringing these proceedings has caused her no prejudice; rather the contrary is the fact for she has been in possession of this office and has received the emoluments thereof.

For these reasons a judgment of ouster will be entered.