### SOBOCINSKI v. QUINN.

1. QUO WARRANTO—EXTRAORDINARY REMEDIES.
    Quo warranto is one of the extraordinary remedies provided by
    law.

2. OFFICERS—PUBLIC POLICY.
    The public is always interested in knowing who are the legally
    constituted officials.

3. QUO WARRANTO—BAILIFFS—LACHES—EXCUSE FOR DELAY.
    Quo warranto proceedings to test defendant's right to hold office
    of bailiff in the common pleas court, initiated nearly 8 years
    after his appointment, were properly dismissed, since to have
    held at this time that such appointment was void *ab initio*
    would result in both private and public detriment, the doctrine
    of laches being applied by analogy and no excuse or justifica-
    tion being shown for the years of delay.

4. SAME—PROMPT ACTION.
    Expeditious action in cases of quo warranto is particularly fitting,
    if not necessary, in view of statutory provision for filing of
    petition within 30 days after an election (CL 1948, § 638.29).

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—QUO WARRANTO—
    LACHES—STATUTE OF LIMITATIONS.
    Whether or not the 6-year statute of limitations bars plaintiff's
    alleged cause of action in quo warranto proceeding to try title
    to office of bailiff, which he initiated nearly 8 years after
    defendant had been appointed, is not determined on appeal
    from order dismissing the quo warranto proceedings, where
    doctrine of laches is applied by analogy (CL 1948, §§ 609.13,
    638.29).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 44 Am Jur, Quo Warranto, §§ 6, 8, 14.
[3-5] 44 Am Jur, Quo Warranto, §§ 62, 63.
[5] 3 Am Jur, Appeal and Error, § 823.

Appeal from Wayne; Maher (Thomas F.), J. Submitted April 10, 1951. (Docket No. 56, Calendar No. 44,999.)  Decided May 14, 1951.

Quo warranto by Stephen Sobocinski against Peter F. Quinn to test right of latter to office of bailiff. Motion to dismiss granted. Plaintiff appeals. Affirmed.

*Frank Selwa* and *Ivan E. Gullen,* for plaintiff.

*Reymont Paul,* for defendant.

NORTH, J.  Plaintiff, Stephen Sobocinski, having obtained leave of court, instituted quo warranto proceedings against Peter F. Quinn in which plaintiff seeks to have Quinn ousted from the office of bailiff of the common pleas court of the city of Detroit from the 13th ward of said city, to which office plaintiff asserts he is entitled. Defendant appeared and made a motion to dismiss the proceedings. Among other grounds urged in support of the motion were the following:  (1) "Because the above action is barred by the statute of limitations;" (2) "Because the above action is barred by the doctrine of laches." Upon hearing, the circuit judge, without filing an opinion or reasons for so doing, dismissed the quo warranto proceedings. Plaintiff has appealed.

Briefly the pertinent facts are as follows:  Prior to and at the time of his death, December 2, 1941, Edward J. Krueger was 1 of the 2 incumbents of the office of bailiff of the common pleas court from the 13th ward in Detroit. Defendant Quinn was appointed on May 1, 1942, to fill the vacancy caused by Krueger's death. At the time of such appointment plaintiff was a duly elected and qualified constable of said 13th ward. And, while not so alleged in the information for quo warranto, plaintiff in his petition for

leave to bring quo warranto and his affidavit in support thereof asserted he possessed the statutory requisites of qualification for appointment as a bailiff in said common pleas court, and in consequence plaintiff contends that by reason of the statutory provisions about to be noted he was entitled to the appointment, and that the appointment of Quinn was void.

In substance the statute provides there shall be 2 bailiffs from each city ward and that in the case of a vacancy occurring, as in the instant case, the successor to be appointed to the office of bailiff shall be a "constable elected in the ward where the vacancy occurs, who received the highest number of votes at the preceding city election, * * * (and the appointment shall be) by the presiding judge of the common pleas court." The appointment is "until resignation or removal from office for any of the causes and in the manner" provided in the statute. Other requisites are embodied in the statute, including the following: That the appointee shall not have previously been removed from the office of bailiff; that the appointee shall be a resident of the ward from which he is appointed; that he shall have been such resident and a qualified elector of the ward for at least 1 year immediately preceding his appointment, and shall have been a qualified resident and elector of the State for at least 3 years.*

If, as appellee asserts, dismissal of the quo warranto proceedings was justified on the ground of laches or under the statute of limitations (CL 1948, § 609.13 [Stat Ann 1949 Cum Supp § 27.605]), the circuit judge's order of dismissal must be affirmed. But on the contrary appellant contends that the appointment of Quinn was in violation of the statute

---

* See PA 1929, No 260, § 23, as amended by PA 1941, No 129, and PA 1943, No 233 (CL 1948, § 728.23 [Stat Ann 1949 Cum Supp § 27.3674]). The 1943 amendment does not affect the applicability of the statute to the instant case.

and void, and hence the proceedings in quo warranto are not barred either by the statute of limitations or by analogy barred by plaintiff's laches. In this connection appellant contends that since a bailiff's term of office is in effect a life tenure, defendant's alleged unlawful withholding of the office is a continuing unlawful act and therefore plaintiff's proceedings in quo warranto are not barred by the statute of limitations or by laches.

At the outset it must be noted that, subject to obtaining court permission (CL 1948, § 638.29 [Stat Ann § 27.2343]), plaintiff's action might have been brought immediately after Quinn was appointed and qualified in May, 1942. But plaintiff did not institute these proceedings until nearly 8 years later, in April, 1950.

Counsel have not cited nor have we noted any decision in this jurisdiction which squarely adjudicates whether or not by the general statute of limitations or by application of the doctrine of laches, quo warranto proceedings, brought under the circumstances of the instant case, may be barred. But we are of the opinion that at least by his laches plaintiff in the instant case should be held barred from prosecuting this suit in quo warranto.

Quo warranto is one of the extraordinary remedies provided by law. In that respect it is somewhat similar to mandamus. By way of analogy we have applied the doctrine of laches as a defense in mandamus suits. See *McDermott* v. *Alger,* 186 Mich 278; *Gerweck* v. *Monroe County Treasurer,* 317 Mich 53. In at least 2 quo warranto cases the doctrine of laches has been held available as a defense by the supreme court of Illinois. See *People, ex rel. Kessinger,* v. *Burrell,* 308 Ill 600 (139 NE 865); *People, ex rel. Fitzgerald,* v. *Boyd,* 132 Ill 60 (23 NE 342). Each of the 2 cases involved the legality of the organization of a school district. Proceedings in the

*Burrell Case* were instituted approximately 3 years subsequent to the organization of the district, which was less than the period of the statute of limitations; and in the *Boyd Case* proceedings were started approximately 5 years after the action taken to organize the district. In each case the court held that the relief in quo warranto should be denied because of laches in bringing suit.

The case of *Haines* v. *Appleton,* 123 NJL 492 (9 A2d 778), cited by appellant is not in point. In the cited case the court found "no hardship or loss is inflicted on the defendant" and therefore held that laches of less than 2 years did not constitute a defense. We are not in accord with appellant's contention that in the instant case the doctrine of laches cannot be made a reason for denying relief because it does not sufficiently appear that plaintiff's delay of nearly 8 years in bringing his suit resulted in either a private or public detriment. Instead we think it quite apparent from the record that there is good reason to believe the defendant might suffer some serious damage or injury if it were held that his appointment as bailiff was void *ab initio.* For example, he might be assailed as a trespasser for having done some act which if performed officially would not render him liable, but if performed as an individual he might be held to have been a trespasser. The public is always interested in knowing who are the legally-constituted officials. In any of the default cases in the common pleas court in which defendant had made service of process, the default judgment subsequently entered might be subject to attack for lack of sufficient record of proper service. It cannot be said that in this record it does not appear that to hold defendant's appointment void *ab initio* would not result in either a private or public detriment.

Another factor of the instant record which is adverse to plaintiff's claim of being entitled to relief is that there is no showing whatever as an excuse or justification for the years of delay which he has permitted to intervene between the time Quinn was appointed bailiff in 1942 and the bringing of this quo warranto.proceedings in 1950. It is particularly fitting, if not necessary, to require expeditious action in cases of quo warranto. This is indicated by the provision in section 29 of the quo warranto statute which reads:

"Such petition shall be filed within 30 days after such election by the attorney general or the prosecuting attorney of the proper county on his own relation, or on the relation of any citizen of said county without leave of the court, or by any citizen of the county by special leave of the court or a judge thereof." CL 1948, § 638.29 (Stat Ann § 27.2343).

As to this phase of the law, see *Youells* v. *Morrish,* 218 Mich 194; *Anderson* v. *Levin,* 218 Mich 225; *Voorhies, ex rel. Bradburn,* v. *Nier,* 222 Mich 374; *Lake* v. *North Branch Twp.,* 314 Mich 140.

We rest decision on the foregoing without passing upon appellee's contention that the express provision of the statute of limitations bars plaintiff's alleged cause of action. In this connection appellee points out that quo warranto is a proceeding at law, not in chancery; and that the statute of limitations provides: "All actions in any of the courts of this State shall be commenced within 6 years next after the causes of action shall accrue, and not afterward, except as hereinafter specified." But quo warranto is not included in the statutory exceptions. See CL 1948, § 609.13 (Stat Ann 1949 Cum Supp § 27.605).

We conclude that under the facts of the instant case plaintiff was guilty of such laches as justified the circuit court in granting the motion to dismiss.

The judgment of the circuit court is affirmed, with costs.

Reid, C. J., and Boyles, Dethmers, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.