LAYLE *v.* ADJUTANT GENERAL OF MICHIGAN

1. QUO WARRANTO—MANDAMUS—OFFICERS—REMOVAL FROM OFFICE—GOVERNOR.

    The proper test for the legality of removal of a relator from public office by the Governor lies in quo warranto which is the proper and exclusive remedy to try title to office finally and conclusively and, in such cases, a peremptory mandamus will not lie.

2. MANDAMUS—QUO WARRANTO—FORUM—REMEDY.

    Denial by the Michigan Supreme Court of plaintiff's original petition for relief by mandamus from his removal from his post of Quartermaster General of Michigan did not deprive him of both a forum and a remedy as his proper and adequate remedy lay in quo warranto proceedings and the forum was available.

3. QUO WARRANTO—LIMITATION OF ACTIONS—LACHES.

    Lapse of time as a defense to an action of quo warranto may be raised by the doctrine of laches, in the absence of a

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 52 Am Jur 2d; Mandamus §§ 284–289.
    Mandamus to compel institution of proceedings to oust public officer. 51 ALR 561.
[3] 44 Am Jur, Quo Warranto § 63.
[4] 44 Am Jur, Quo Warranto § 60 *et seq.*
[5–8] 44 Am Jur, Quo Warranto §§ 22–35.

statute of limitations applicable specifically to a proceedings in quo warranto.

4. QUO WARRANTO—DILIGENCE.

Reasonable diligence in the assertion of an alleged right is especially important in proceedings quo warranto.

5. QUO WARRANTO—LACHES—MILITIA—QUARTERMASTER GENERAL—OFFICERS—MOOT QUESTION.

Plaintiff is barred from recovery in action for determination that his removal from office of Quartermaster General of the State of Michigan was unlawful and that he was entitled to back pay for six years prior to his action, as his delay of nearly ten years in instituting an original quo warranto action with no showing of justification or excuse for the years of delay, coupled with the detriment, private and public, caused by such delay renders him guilty of laches and as, in quo warranto proceedings, a court will not pass on the moot question of a relator's alleged right to the expired term of an abolished office.

6. QUO WARRANTO—OFFICERS.

The writ of quo warranto generally will not lie to try the abstract title to an office.

7. QUO WARRANTO — MOOT QUESTION — MILITIA — QUARTERMASTER GENERAL — STATUTES.

Questions raised by a writ of quo warranto are moot where plaintiff's former office of Quartermaster General of Michigan no longer exists, having been abolished by statute, and, as of the date of commencement of his action, he was past the mandatory retirement age of his former office (MCLA § 32.712).

8. QUO WARRANTO—COURTS—JUDGMENT—MOOT QUESTION.

A court in an action of quo warranto will not proceed to final judgment if the public interest would not be served, that is, where the questions are moot.

Appeal from Court of Appeals, Division 2, J. H. Gillis, P. J., and Levin and Bronson, JJ. Submitted January 6, 1971. (No. 6 January Term 1971, Docket No. 52,733.) Decided May 3, 1971.

21 Mich App 351 reversed.

Original action in the Court of Appeals by Herbert F. Layle against the Adjutant General of Michigan, to find plaintiff to have been the Quartermaster General from June 6, 1957 to November 15, 1963, and for other relief relating to his proper military rank, title, and for payment of actual duty and retirement pay. Order to show cause why a writ of quo warranto should not be issued, granted. Judgment for plaintiff. Defendant appeals. Plaintiff cross-appeals. Reversed.

*Bartlett E. Nutter,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stewart H. Freeman,* Assistant Attorney General, for defendant.

T. E. BRENNAN, J.

## THE CASE

For a more detailed statement of the events which gave rise to this action, reference is made to the decision of the Court of Appeals reported in 21 Mich App 351. For the purposes of our disposition of this appeal, the following facts are pertinent: plaintiff was relieved from his post of Quartermaster General of the State of Michigan on September 30, 1957 by written directive of the Governor. On April 2, 1958, plaintiff filed a petition for mandamus in this Court, which was denied on July 15, 1958.[1] Nearly a decade later, plaintiff filed a complaint in mandamus in the Court of Appeals. From a determination by that Court that plaintiff's initial removal was unlawful and that he therefore is en-

---

[1] The petition for mandamus was denied without opinion in the case of *Layle v. Moran,* Supreme Court No. 47,870–1/2, and is thus not reported.

titled to back pay for six years prior to this action,
defendant has appealed to this Court.

## DISCUSSION

For several reasons, we cannot agree with the
Court of Appeals' conclusion that plaintiff did not
sit "idly by" for nearly a decade, based on the find-
ing that " * * * plaintiff cannot be faulted be-
cause he did not obtain the hearing he sought when
he filed his earlier petition."[2]

Numerous decisions of this Court hold that quo
warranto is the proper and exclusive remedy to try
title to office finally and conclusively. In such cases
a peremptory mandamus will not lie. *Attorney
General, ex rel. Cook,* v. *Burhans* (1942), 304 Mich
108; *People* v. *Russell* (1956), 347 Mich 193. In
*Metevier* v. *Therrien* (1890), 80 Mich 187, this Court
affirmed that the proper test for the legality of
removal of a relator from public office by the Gov-
ernor lies in quo warranto. In view of such deci-
sions, it is manifest that plaintiff's original 1958
petition for relief by mandamus was inappropriate
to challenge the legality of his transfer. It does
not follow, therefore, that this Court's subsequent
denial of relator's petition left him remediless.[3]
Plaintiff's proper and adequate remedy lay in quo
warranto proceedings, which—with neither explana-
tion nor excuse—were never timely instituted. We
reject plaintiff's contention that the denial of his
petition for mandamus deprived him of both a

---

[2] 21 Mich App 351, 361.

[3] It is well settled that, as a general rule, mandamus will not issue
if there is another legal remedy. *Sumeracki* v. *Stack* (1934), 269
Mich 169; *People, ex rel. La Grange Twp.,* v. *State Treasurer* (1872),
24 Mich 468. Thus this Court's denial of the original mandamus
petition, (in view of the adequacy and propriety of plaintiff's remedy
in quo warranto) impliedly affirmed that plaintiff was possessed of
an effective remedy at that time.

forum and a remedy. The forum was available. The remedy was adequate. His failure to seek the proper remedy over a decade ago cannot justify his subsequent inaction.

In the absence of a statute of limitations applicable specifically to a proceeding in quo warranto, we have held that lapse of time as a defense to the action may be raised by the doctrine of laches. In *Sobocinski* v. *Quinn* (1951), 330 Mich 386, plaintiff instituted quo warranto proceedings to oust defendant from office after a delay of eight years, which was neither justified nor excused. On appeal, this Court held that the action was barred by the laches of the plaintiff, noting particularly that

"Another factor of the instant record which is adverse to plaintiff's claim of being entitled to relief is that there is no showing whatever as an excuse or justification for the years of delay which he has permitted to intervene between the time Quinn was appointed bailiff in 1942 and the bringing of this quo warranto proceeding in 1950. *It is particularly fitting, if not necessary, to require expeditious action in cases of quo warranto.*" (Emphasis added.) *Sobocinski* v. *Quinn, supra,* p 391.

In *People* v. *Oakland County Bank* (1844), 1 Doug 282, we early held that, although there is no statute limiting the time within which a quo warranto proceeding shall be brought, the Court, in the exercise of sound discretion, will deny the right either to bring or maintain such an action, whether at the instance of private individuals or the Attorney General, where there has been unreasonable delay. The defense is generally effective when there has been long inaction in the assertion of a right, giving rise to a compelling inplication of neglect or failure to do what ought to have been done under the circumstances to protect the rights of the party to whom

it is imputed.  *Holmes* v. *Soule* (1914), 180 Mich 526.

Reasonable diligence in the assertion of an alleged right is especially important in proceedings quo warranto.[4]  *Sobocinski* v. *Quinn, supra.*  Furthermore, when the writ is employed to try the right and title to a public office, additional considerations for prompt institution of the action have been noted. This Court has stated that "  *  *  *  It is not to the public good that officers or employees shall accept illegal discharge, or rest quiescent under it, and later mulct the public purse for money not earned."  *Jones* v. *Doonan* (1933), 265 Mich 384, 387.  In *Jones,* we quoted with approval from *Arant* v. *Lane* (1919), 249 US 367 (39 S Ct 293, 63 L Ed 650), in which the Supreme Court cogently reasoned:

"  'When a public official is unlawfully removed from office, whether from disregard of the law by his superior or from mistake as to the facts of his case, obvious considerations of public policy make it of first importance that he should promptly take the action requisite to effectively assert his rights, to the end that if his contention be justified the government service may be disturbed as little as possible and that two salaries shall not be paid for a single service.

"  'Under circumstances which rendered his return to the service impossible, except under the order of a court, the relator did nothing to effectively assert his claim for reinstatement to office for almost two years.  Such a long delay must necessarily result in changes in the branch of service to

---

[4] This requirement was explicit in the provisions of the quo warranto statute: "Such petition shall be filed within 30 days after such election by the attorney general or the prosecuting attorney of the proper county, on his own relation, or on the relation of any citizen of said county without leave of the court or a judge thereof."  CL 1948, § 638-.29 (Stat Ann § 27.2343).

which he was attached and in such an accumulation of unearned salary that, when explained, the manifest inequity which would result from reinstating him renders the application of the doctrine of laches to his case peculiarly appropriate in the interests of justice and sound public policy.'"

We conclude, consistent with the considerations of sound public policy announced in *Arant* v. *Lane, supra,* that the present action is not maintainable due to laches. Nor can it be said that the long lapse of time in the instant case is unaccompanied by any "public or private detriment" resulting from such delay. In *Sobocinski* v. *Quinn, supra,* such an argument in a factual setting analogous to the instant case was squarely rejected:

"We are not in accord with appellant's contention that in the instant case the doctrine of laches cannot be made a reason for denying relief because it does not sufficiently appear that plaintiff's delay of nearly 8 years in bringing his suit resulted in either a private or public detriment. Instead we think it quite apparent from the record that there is good reason to believe the defendant might suffer some serious damage or injury if it were held that his appointment as bailiff was void *ab initio.* * * * *The public is always interested in knowing who are the legally-constituted officials.* * * * It cannot be said that in this record it does not appear that to hold defendant's appointment void *ab initio* would not result in either a private or public detriment." *Sobocinski* v. *Quinn* (1951), 330 Mich 386, 390.

Plaintiff's delay of nearly ten years in instituting this original quo warranto action, with no showing of justification or excuse for the years of delay, coupled with the detriment, private and public, caused by such delay renders plaintiff guilty of laches barring maintenance of this action.

An additional reason supports our conclusion that plaintiff is barred from recovery in this action. It is well settled that, in quo warranto proceedings, a court will not pass on the moot question of a relator's alleged right to the expired term of an abolished office. *Wattles, ex rel. Johnson,* v. *Upjohn* (1920), 211 Mich 514. Even if the office has not been abolished, proceedings to try title to a public office cannot be brought after the term has expired, or even if it is so nearly expired that the inquiry would be of no effect. *Osterhous, ex rel. Vander Veen,* v. *Van Duren* (1912), 168 Mich 464. The writ generally will not lie to try the abstract title to an office.

Plaintiff's former office no longer exists, having been abolished by § 312 of PA 1967, No 150 (MCLA § 32.712; Stat Ann 1969 Rev § 4.678[312]). It is undisputed that as of the date of commencement of this suit, the plaintiff was past the mandatory retirement age of his former office. Thus, since plaintiff can make no present claim to his former office, the questions raised by the writ of quo warranto are moot (*Attorney General, ex rel. Andrews,* v. *Kallman* [1962], 365 Mich 519), and it is the rule in Michigan, long-established, that a court in such an action will not proceed to final judgment if the public interest would not be served, that is, where the questions are moot. *Osterhous, supra.*

For these reasons, the Court of Appeals erred in entering judgment for plaintiff.

Reversed. No costs, a public question being involved.

BLACK and SWAINSON, JJ., concurred with T. E. BRENNAN, J.

T. M. KAVANAGH, C. J., and ADAMS, T. G. KAVANAGH and WILLIAMS, JJ., did not sit in this case.