ATTORNEY GENERAL, *ex rel* BARR v KENT COUNTY CLERK

QUO WARRANTO—MANDAMUS—LACHES—COUNTY OFFICES—VACANCY —MOOT QUESTION.

> An action for quo warranto to inquire into the right of a county clerk to hold the office of register of deeds and mandamus to compel appointment of a register of deeds, instituted 13 months after a county board of commissioners had passed a resolution following the death of a register of deeds to merge the offices of county clerk and register of deeds and the county clerk assumed the duties of register of deeds and was thereafter elected to a new term for the combined offices, was barred by laches and is a moot question where the term of the register of deeds office inquired into has expired and there is no other claimant to that office for the expired term.

Appeal from Kent, George V. Boucher, J. Submitted Division 3 March 3, 1973, at Grand Rapids. (Docket No. 15059.) Decided March 23, 1973.

Complaint for quo warranto and mandamus by the Attorney General of the State of Michigan on relation of Raymond F. Barr and others against the Kent County Clerk and Vacancy Appointment Committee. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Solomon H. Bienenfeld,* and *Russell A. Searl,* Assistants Attorney General, for plaintiff.

*Vander Veen, Freihofer & Cook, P. C.* (by *George R. Cook* and *Fred N. Searl),* for defendants.

REFERENCE FOR POINTS IN HEADNOTE
65 Am Jur 2d, Quo Warranto §§ 10, 57.

Before: R. B. BURNS, P. J., and T. M. BURNS and PETERSON,* JJ.

PER CURIAM. On December 14, 1970, the Register of Deeds of Kent County died, creating a vacancy in the office. The vacancy could have been filled by appointment for the remainder of the unexpired term by defendants County Clerk, Judge of Probate, and Prosecuting Attorney of the county.[1] There was no such appointment, however, and on February 3, 1971, the Kent County Board of Commissioners adopted a resolution providing for a merger of the offices of County Clerk and Register of Deeds. Defendant County Clerk assumed the duties of the Register of Deeds and was thereafter elected to a new term for the combined offices at the general election held November 7, 1972.

Plaintiffs instituted this action as a quo warranto inquiry into the right of defendant clerk to hold the office of Register of Deeds and for mandamus to compel the appointment of a Register of Deeds to fill the claimed vacancy in that office. From a summary judgment in favor of defendants, plaintiffs appeal.

The action was not commenced until March 22, 1972, more than 13 months after the action of the county board. It is barred by laches and is, in any event, now moot since the term of the office inquired into has expired and there is no other claimant to the office for such expired term. *Layle v Adjutant General of Michigan,* 384 Mich 638 (1971), and cases cited therein.

Affirmed, without costs, a public question being involved.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCLA 201.35; MSA 6.715